# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID EUGENE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV382 CDP |
| | ) | |
| WILLIAM MCKINNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon remand of this matter from the Eighth Circuit Court of Appeals.

Plaintiff, a former inmate in the Missouri Department of Corrections, brought the instant action in February of 2011, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Plaintiff sought to proceed in forma pauperis, thus, pursuant to 28 U.S.C. § 1915, the Court assessed an initial partial filing fee in this matter. After plaintiff failed to pay the initial partial filing fee in a timely manner, the Court dismissed the instant action pursuant to Fed.R.Civ.P. 41(b) and denied several post-dismissal motions filed by plaintiff. Plaintiff appealed the dismissal to the Eighth Circuit Court of Appeals, and the Eighth Circuit reversed the dismissal and remanded for further proceedings in this Court. During the interim time period, plaintiff was released from incarceration.

Because plaintiff is proceeding in forma pauperis, the Court will now review his complaint pursuant to 28 U.S.C. § 1915 and order the Clerk to issue process on those portions of the complaint that survive review under § 1915.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51.

This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, a former inmate at Potosi Correctional Center ("PCC"), brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights by several employees of Correctional Medical Services ("CMS").

Plaintiff claims that doctor William McKinney was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when he denied him arthritis treatment for 15 months while he was incarcerated at PCC.

Plaintiff asserts that PCC dentist Unknown Harrod acted with deliberate indifference to his serious medical needs when he refused to provide him dental care for "exposed nerves in [his] gums" for two years or to "restore or clean" his teeth.

Plaintiff states that the director of nursing at PCC, Lisa Spain, acted unlawfully in retaliation for his use of the grievance system and failed to treat his arthritis pain or allow the nurses she supervised to treat his medical condition. Plaintiff also asserts that defendant Spain, along with defendant McKinney, falsified his medical records to make it appear like he did not suffer from osteoarthritis.

Lastly, plaintiff asserts that two nurses at PCC, Kim Unknown and Carla Unknown, "conspired to cover up an assault" on plaintiff done by correctional officers at PCC. Plaintiff claims that the defendant nurses also acted with deliberate indifference to his medical needs by failing to give him over the counter pain medications for his arthritis when they knew he suffered from a painful medical condition. Plaintiff also asserts that defendants Kim Unknown and Carla Unknown also failed to provide him with proper medical treatment in retaliation for filing grievances regarding his lack of medical care.

Plaintiff's claims against defendants William McKinney, Unknown Harrod, Lisa Spain, Kim Unknown and Carla Unknown survive review under 28 U.S.C. § 1915. As such, the Court will order the Clerk to issue process or cause process to be issued on the complaint as to these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint against defendants William McKinney, Unknown Harrod, Lisa Spain, Kim Unknown, and Carla Unknown, pursuant to the waiver agreement the Court currently has in place with Correctional Medical Services/Corizon.

Dated this 25th day of January, 2012.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE