UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID EUGENE BAILEY,        )
                                 )
        Plaintiff,            )
                                 )
        v.                )          No. 4:11CV382 CDP
                                 )
WILLIAM MCKINNEY, et al.,    )
                                 )
        Defendants.      )

## MEMORANDUM AND ORDER

Before the Court is defendants' motion to compel.  In their motion, defendants state that they have previously served plaintiff with written discovery, but that plaintiff has failed to file a response to the discovery.

As the record reflects, plaintiff has been using multiple addresses in the several actions he has been pursuing before this Court.  He has recently been reprimanded for this practice and reminded that it is his obligation, pursuant to Local Rule 2.06(B), to provide the Clerk promptly, in addition to all parties to the proceedings, with a change in his address and telephone number.[1]  This was plaintiff's one warning on the matter.

---

[1]Although plaintiff stated in his last filing to the Court that it should contact his "disability attorney, the Parmele Law Firm," he should know that the Court cannot contact a law firm that does not represent him in the current matter.  It may be that the Parmele Law Firm is attempting to attain disability benefits on plaintiff's behalf, but this law firm has not entered an appearance on his behalf in this Court and does not currently represent him in the present matter.  Therefore, it is improper for plaintiff to direct either this Court or defendants to this law firm, as they cannot speak on his behalf in the current matter unless or until they enter their appearance in this Court on

If there should be any reoccurrences of such behavior showing his intention of flouting this Court's Rules or calling into question his intent with pursuing this action, the Court will not hesitate to show cause plaintiff as to why this action should not be dismissed pursuant to Fed.R.Civ.P. 41.

As it appears likely that plaintiff never actually received defendants' discovery and as a Case Management Order has not yet been issued in this matter, the Court will deny defendants' motion to compel, without prejudice.  Plaintiff should understand, however, that he is obligated to answer defendants' written discovery, as set forth in this Court's Local Rules and the Federal Rules of Civil Procedures, and there can be serious consequences, up to and including dismissal of his case, should he fail to comply.  See Fed.R.Civ.P. 26, 33, 34 and 37.

Accordingly

**IT IS FURTHER ORDERED** that defendants' motion to compel [Doc. #42] is **DENIED** without prejudice.

Dated this 17th day of September, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

_____

his behalf.  As long as plaintiff is acting pro se he must fulfill the obligations of prosecuting his case on his own behalf.