## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DAVID EUGENE BAILEY,          )
                              )
          Plaintiff,          )
                              )
     v.                       )          No. 4:11CV382 CDP
                              )
WILLIAM MCKINNEY, et al.,     )
                              )
          Defendants.         )

## <u>MEMORANDUM AND ORDER</u>

Before the Court is defendants' motion to dismiss.  Based on the reasoning outlined below, defendants' motion to dismiss will be denied.

### Background

Plaintiff, a former inmate at Potosi Correctional Center ("PCC"), brings this action for monetary damages pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights by several employees of Correctional Medical Services ("CMS"), in both their individual and official capacities.

Plaintiff claims that doctor William McKinney was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when he denied him arthritis treatment for fifteen (15) months while he was incarcerated at PCC.

Plaintiff asserts that PCC dentist Michael Harrod acted with deliberate

indifference to his serious medical needs when he refused to provide him dental

care for "exposed nerves in [his] gums" for two years or to "restore or clean" his

teeth.

Plaintiff states that the director of nursing at PCC, Lisa Spain, acted

unlawfully in retaliation for his use of the grievance system and failed to treat his

arthritis pain or allow the nurses she supervised to treat his medical condition.

Plaintiff also asserts that defendant Spain, along with defendant McKinney,

falsified his medical records to make it appear as though he did not suffer from

osteoarthritis.

Lastly, plaintiff asserts that two nurses at PCC, Kim Klein and Karla

House, "conspired to cover up an assault" on plaintiff by correctional

officers at PCC. Plaintiff claims that the defendant nurses also acted with deliberate

indifference to his medical needs by failing to give him over the counter pain

medications for his arthritis when they knew he suffered from a painful medical

condition. Plaintiff also asserts that defendants Kim Klein and Karla House failed to

provide him with proper medical treatment in retaliation for filing grievances

regarding his lack of medical care.

In the motion to dismiss, defendants contend that plaintiff has failed to state a

claim upon which relief can be granted under 42 U.S.C. § 1983, because his

allegations fail to state a claim for relief for deliberate indifference to his serious

medical needs.  Defendants also argue that plaintiff's complaint should be subject to

the doctrines of collateral estoppel, res judicata, claim splitting and malice.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests

the legal sufficiency of a complaint so as to eliminate claims "which are fatally

flawed in their legal premises ... thereby sparing litigants the burden of unnecessary

pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th

Cir.2001) (citing Neitzke v. Williams, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104

L.Ed.2d 338 (1989)). To survive a motion to dismiss for failure to state a claim, a

complaint need not contain "detailed factual allegations," but it must contain facts

with enough specificity "to raise a right to relief above the speculative level." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007). As the United States Supreme Court reiterated in Ashcroft v. Iqbal, 556

U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory

statements," will not pass muster under Twombly.

Upon considering a motion to dismiss, a federal court must accept as true all

factual allegations in the complaint and view them in the light most favorable to the

-3-

plaintiff. Fed.R.Civ.P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Davenport v. Farmers Ins. Grp., 378 F.3d 839, 842 (2004). The task of a court is then "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n. 4 (8th Cir.2010) (citing Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir.2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible")).

## Discussion

### I.    Deliberate Indifference to Serious Medical Needs

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice.  Estelle, 429 U.S. at 106.  In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs.  Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

Because this case is before the Court on a motion to dismiss, the Court
assumes all facts alleged in the complaint as true. Eckert v. Titan Tire Corp., 514
F.3d 801, 806 (8th Cir. 2008).  At this stage of the litigation, the Court finds that
plaintiff's allegations against defendants are sufficient to withstand defendants'
motion to dismiss. Under plaintiff's allegations, a reasonable factfinder could find
that defendants failed to obtain treatment for plaintiff, despite knowledge of
substantial risk of harm to plaintiff.

Plaintiff alleges that defendant Harrod subjected him to pain and suffering by
refusing him proper dental care for exposed gums for more than a year.  He claims
he suffered nerve pain and toothaches for an extended period of time, and he states
that he waited more than thirty-nine (39) months to have his teeth cleaned.
"Toothaches can be excruciatingly painful, and dental care is an important part of
proper health care." Hartsfield v. Colburn, 491 F.3d 394, 397 (8th Cir.2007).  The
Eighth Circuit has reversed a number of summary judgment decisions in favor of
prison officials and prison dentists who delayed as few as three weeks in providing
dental care for an inmate. See id. (citing cases).  As such, the Court finds that
plaintiff has stated a claim for deliberate indifference against defendant Harrod.

Similarly, plaintiff's claims against defendant McKinney also state a claim
for relief.  Plaintiff claims that defendant McKinney knew of his severe

osteoarthritis and pain in his neck but deliberately withheld treatment that had previously been provided to plaintiff by other CMS doctors.  He claims that defendant McKinney told him that he needed to just "live with the pain," despite being aware that he had very advanced arthritis.[1]

Defendants next assert that plaintiff has failed to state a claim for relief against defendants Klein and House (Nurses Kim and Karla), as well as defendant Spain.  After reviewing the allegations contained in the complaint, and taking these allegations as true, the Court believes plaintiff has stated a claim for relief against these defendants for deliberate indifference to his serious medical needs.

Plaintiff asserts that defendants Klein and House refused him over-the-counter pain medications despite his consistent requests for pain medications and their knowledge that he suffered from severe osteoarthritis.   According to plaintiff, defendant Spain also knew about his severe osteoarthritis and pain resulting from his gum disease, yet she still refused to give him the over-the-counter pain medications such as aspirin or ibuprofen. Taking plaintiff's allegations as true, he states that defendants improperly and maliciously refused medical treatment to him

---

[1]Plaintiff complains that defendant McKinney made false notations in the medical records relating to plaintiff's purported complaints.  The Court does not believe that plaintiff is asserting a stand-alone cause of action, but merely noting that he does not believe in the veracity of the medical records prepared by defendant McKinney.

in deliberate indifference to his obvious injuries. See Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir.1995) (deliberate indifference may include intentionally delaying or denying access to medical or mental health care, or intentionally interfering with treatment).

The Court notes that plaintiff also appears to be asserting a claim of retaliation against these defendants.  He claims that he believes the motivation behind these defendants' actions was their "way of retaliating against [him] for filing medical grievances."  Plaintiff then details the grievances he filed against the nurses who allegedly reported to defendant Spain, as well as the other medical defendants.[2]  The Court finds that plaintiff has stated a cause of action against defendants Spain, Klein and House for retaliation under the Eighth Amendment. See Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1119 (8th Cir.2007) ("A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline.").

## II.    Claim Splitting/Res Judicata/Collateral Estoppel/Malice

---

[2]Plaintiff's assertions that defendant Spain falsified government documents appear to relate to the credibility of the grievance documents rather than a stand-alone cause of action.

In little more than a page, defendants assert in a conclusory fashion that because plaintiff is a frequent filer before this Court and because he has brought several cases against several different correctional and Correctional Medical Services defendants in the past, his claims in the present action should be dismissed under one of four doctrines: claim splitting[3]; res judicata; collateral estoppel; or malice.

As noted in prior Orders in this case, plaintiff was a prisoner when he brought this action before the Court.  He sought leave to proceed in this case as a pauper, pursuant to 28 U.S.C. § 1915.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), a Court is required to dismiss a complaint filed in forma pauperis, or any part of an action, if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.[4]  Under the auspices of § 1915, this Court performed a thorough review of

_____

[3]What defendants refer to as "claim splitting" is little more than an instruction to plaintiff by this Court, in two separate Memoranda and Orders, relating to plaintiff's propensity for bringing multiple claims against multiple parties in one single lawsuit.  Plaintiff was instructed that this practice was prohibited under Federal Rules of Civil Procedure 18 and 20, and he was told that the Court would "split" his cases into seven (7) separate lawsuits.  See Bailey v. Brothers, 4:10CV2091 HEA (E.D. Mo.); Bailey v. Bonne Terre Mental Health Manager, 4:10CV1191 JCH (E.D. Mo.).

[4]An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the

-8-

plaintiff's claims, taking into account plaintiff's litigation history, as well as the claims in his present complaint.[5]

Importantly, this was not the first time the Court reviewed plaintiff's claims. Indeed, on many occasions before this Court, plaintiff's claims have been dismissed, without prejudice, pursuant to 28 U.S.C. § 1915.  But in this Court, § 1915 dismissals, or pre-service dismissals, are almost always done without prejudice; thus, the Court allows, in most instances, pro se plaintiffs to bring similar causes of action in a second case as long as they have corrected the deficiencies in their prior actions.  Cf. Denton v. Hernandez, 504 U.S. 25 (1992) (finding that the dismissal of an in forma pauperis complaint on the ground of frivolousness is not a dismissal on the merits, and does not prejudice the filing of a paid complaint making the same allegations; however, it can have a res judicata effect on frivolousness determinations for future in forma pauperis petitions).  Of course, § 1915 has its own built-in deterrent to the filing of frivolous actions by prisoners, as § 1915(g) provides that a prisoner may not bring a civil action in forma pauperis if

_____

purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

[5]The Court notes that it found on § 1915 review that plaintiff had stated a claims for deliberate indifference to his serious medical needs against all of the named defendants.  Thus, it was really unnecessary for defendants to move for dismissal on this basis in the instant motion before the Court.

"on 3 or more [earlier] occasions, . . . [the prisoner has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Although since the filing of the present action plaintiff has succumbed to the "three strikes" provision of § 1915(g), plaintiff was not barred from proceeding as a pauper when he filed the present lawsuit.[6]

Upon review of plaintiff's prior cases, the Court has found one case that includes claims against one defendant in this action, defendant McKinney, that appear related to the allegations set forth in the instant complaint.  See Bailey v. Unknown Brothers, 4:10CV2091 HEA (E.D.Mo.).  The Court notes that defendant McKinney was granted summary judgment on plaintiff's claims just recently, on April 20, 2012.  However, it is not this Court's job to compare the two cases to discern which of the three possible legal doctrines cited to by defendants are applicable to defendants' request for dismissal of the claims in this action.  That onus should be placed on defendants.  Defendants will have another chance to so plead in their motion for summary judgment.

_____

[6]As long as plaintiff remains a non-prisoner, the restrictions set forth in § 1915(g) will not apply to him.

-10-

The Court has failed to find any additional cases in which plaintiff has brought the same, or similar, claims against the other defendants named in the present lawsuit, where a full and final adjudication has been made.[7]  Nor can this Court make a finding that plaintiff has acted with malice in attempting to assert his constitutional rights to achieve medical care during his incarceration.  As such, defendants' conclusory requests for dismissal of plaintiff's complaint on the basis of claim splitting, res judicata, collateral estoppel or malice is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **DENIED**.

Dated this 17th day of September, 2012.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[7]Defendants specifically mention several of plaintiff's cases that have either been dismissed on § 1915 review, without prejudice, or that have been dismissed under § 1915(g).  See, e.g., Bailey v. PharmaCorr, 1:11CV143 SNLJ (E.D. Mo) (dismissed pursuant to 28 U.S.C. § 1915(g)); Bailey v. CMS, 4:10CV2093 FRB (E.D. Mo.) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)).  Defendants' brief lacks any detailed analysis on how or why they believe these particular cases should have res judicata effect on the instant case.

-11-